Cruse & Adney v. Jones.

CRUSE & ADNEY v. W. N. B. JONES.

CONTRACT. *Building Committee. Personal liability.* A member of the Building Committee of a Church will be personally liable for the value of articles furnished by the plaintiffs, sent to, received and used by him in the erection, if he agreed to pay the debt as one of the committee, without limiting the extent of his obligation.

FROM LOUDON.

Appeal in error from the Circuit Court of Loudon county. E. T. HALL, J.

CORNICK & CORNICK for Cruze & Adney.

D. R. NELSON for Jones.

COOPER, J., delivered the opinion of the court.

Suit upon an account, in which the verdict and judgment were in favor of the defendant, and the plaintiffs appealed in error.

There is evidence in the bill of exceptions tending to show that the articles were furnished by the plaintiffs on the credit of the defendant and charged to him. They were intended to be used, and were used in the erection of a Baptist Church, the defendant being the Chairman of the Building Committee. They were shipped to, received by him, and used, in part at least, under his instructions. The defendant, in his examination as a witness on his own behalf, says: "Witness did agree to pay the debt as one of the com-

mittee, but not as an individual." The court charged the jury that defendant would be liable if the proof showed that he had ordered and received the goods; or if they were ordered by any one authorized by him; or if he received the goods and ratified the acts of those who did order them; or if he received the goods as an individual and promised to pay for them, not otherwise. In substance, the charge is, that the defendant is not liable unless he, as an individual, ordered, received, ratified or promised. His Honor gave no instructions upon the effect of the defendant's agreement to pay the debt as a member of the Building Committee, and refused the following instruction which he was asked to give: "If the jury should believe from the evidence that the defendant and others constituted an incorporated Building Committee for a Church, and that, as such, they purchased the articles mentioned, and have not paid for them, each member of the committee would be personally responsible for the debt, and the fact that they constituted a committee would not affect their liability—the members of such committee would be jointly and severally and personally liable."

It was error in the learned Circuit Judge not to charge, when requested so to do by the plaintiffs, upon the liability of the defendant if the jury should find that he did agree to pay the debt sued on as one of the Building Committee. And if he meant to be considered as charging, by the instructions given, that such an agreement would not bind the defendant individually under any circumstances, he was also in error.

Crutchfield and Knox *v.* Durando.

The law is well settled, that a person acting in a representative character, as agent, committee, trustee, or otherwise, if he do not intend to make himself personally liable, must take care, in making a contract, to define the nature and extent of his obligation. *Kain* v. *Humes,* 5 Sneed, 610; *Broyles* v. *McCoy,* 5 Sneed, .602; Bish. Cont., section 357. The plaintiffs were entitled to the instruction asked for.

Reverse the judgment and remand for a new trial.