## FRANK D. NEWBERRY AND FANNY NEWBERRY v. DAVID G. SLAFTER.

*Specific performance—Land contract—Husband and wife—Parties.*

1. Where a bill is filed to enforce the specific performance of a contract for the sale of land, by compelling the defendant to make the cash payment, and secure the remainder of the purchase price by a mortgage on the land, as agreed upon, it cannot be said that the sole purpose of the bill is the recovery of the consideration.

2. Where negotiations for the sale of land owned by husband and wife are carried on by the husband, and the wife, in consummation thereof, joins with her husband in a deed of the land to the proposed purchaser, which he refuses to accept, and they file a bill to enforce the specific performance of the contract, the necessary authority on the part of the husband to carry on the negotiations in behalf of his wife will be presumed, in the absence of proof to the contrary.

8. Where, in a suit by the vendors to enforce the specific perform-
ance of a contract for the sale of land, it appears that the
negotiations were opened by a letter from a third party, who
is not joined as a defendant, and that all of the other letters,
except two, to which the surnames of the third party and the
defendant were affixed, were signed by the defendant in his
individual name, including the letter accepting the offer to
sell, and the testimony fails to show that the defendant and
the third party were partners, or just what their relations
were, or that the defendant had any authority to bind the
third party, the defendant cannot object to such non-joinder.

Appeal from Benzie. (Aldrich, J.) Argued October 24,
1893. Decided January 26, 1894.

Bill to compel the specific performance of a land con-
tract. Defendant appeals. Decree affirmed. The facts are
stated in the opinion.

*Frank D. Newberry* (*Champion & Champion,* of counsel),
for complainants.

*Huston & Spears,* for defendant.

McGRATH, C. J. This is a bill filed to enforce specific
performance of a contract for the sale of land. Complain-
ants reside at Coldwater, and defendant at Vassar, and the
negotiations were by letter. The terms of payment were,
as agreed upon, one-half cash, and the balance to be secured
by mortgage, payable in two years, with interest at 6 per
cent. The bill prays, not alone that defendant may be
compelled to make the cash payment, but that he also may
be required to execute the mortgage. There is no force,
therefore, in the contention that the sole purpose of the
bill is the recovery of the consideration.

Complainants are husband and wife, and jointly own the
land in question. The negotiations were carried on by the
husband in his own name. It is insisted that, inasmuch
as the husband had no written authority from the wife,
she was not bound, and specific performance could not

have been decreed against complainants, or either of them. It appears, however, that defendant, for some time before accepting the proposition for the sale, had the abstract of the title to the lands in his possession, and knew the state of the title; that the letter containing the proposition of acceptance was dated October 27, 1891, and by said letter Frank D. Newberry was instructed to send the deed to the cashier of the bank of which defendant was president, when the payments would be made, and the mortgage executed; that on October 28, 1891, complainants joined in a deed of the premises to defendant, and forwarded same, as directed; that the deed was received at the designated bank on the same day; that on November 5, 1891, defendant, in reply to inquiry as to the delay, telegraphed Frank D. Newberry as follows: "Waiting for Phillips' return; expected Saturday night;" and that on November 9, 1891, the cashier of the bank, to whom the deed had been forwarded, returned the deed, stating that "the parties refuse to take the property, not being satisfied with the title." This record contains no evidence tending to show that the husband did not have ample written authority to carry on the negotiations in behalf of husband and wife. In view of the deed, ratifying all that had been done, the necessary and proper authority will be presumed, in the absence of proof to the contrary. The objection goes to the remedy only, and that remedy must depend upon the situation at the time of the refusal to perform,—upon the state or progress of the negotiations at the time of their interruption. What was done in pursuance of the directions given in the letter of acceptance, and prior to the refusal, must be treated as a part of the agreement. Certainly, then, defendant was in a position to enforce specific performance.

The next contention is that the negotiations were carried on by defendant on behalf of himself and one Phillips, and

that the latter should have been made a party defendant. The first letter written to Newberry was signed by Phillips. Newberry replied to Phillips, September 9, 1891. Defendant writes the next letter, and all of the subsequent letters to Newberry are signed by defendant individually, except two, and one of them is signed, "Slafter & Phillips," and the other "Slafter & Phillips, by Slafter." All of these letters are written upon the letter-head of the First National Bank, of which defendant was president, and all are written by Slafter. The letter accepting Newberry's proposition is signed, "D. G. Slafter." There is no testimony in the record indicating that Slafter and Phillips were partners, or just what their relations were, although the letters do indicate that Phillips was in some way to be interested in this venture. Phillips nowhere commits himself, and nowhere does it appear that Slafter had any authority to bind Phillips. Defendant is in a position to carry out any secret understanding with Phillips, but he, having accepted Newberry's proposition in his individual name, cannot now be heard to insist that a party shall be joined with whom complainants have no contract relations. It is well settled that where an agent undertakes to contract on behalf of another, and contracts in a manner which is not binding on his principal, he will be personally responsible, as he is presumed to know the exact extent of his authority. *Mann v. Richardson,* 66 Ill. 481; *Blakely v. Bennecke,* 59 Mo. 193; *Bank v. Wray,* 4 Strob. 87; *Edings v. Brown,* 1 Rich. Law, 255; *Dusenbury v. Ellis,* 3 Johns. Cas. 70; *Cruse v. Jones,* 71 Tenn. 66; *Thacher v. Dinsmore,* 5 Mass. 299.

The decree is therefore affirmed, with costs to complainants.

The other Justices concurred.