BLEAU v. WRIGHT.

LIFE INSURANCE—ADVANCE PAYMENT OF PREMIUM—LIABILITY OF AGENT.

A solicitor of life insurance who gives an agent's receipt for the first premium upon a proposed policy, which recites that, if the risk is not accepted, the sum collected shall be returned, incurs no personal liability to the applicant as to the amount advanced, where the latter deals with him merely as agent for a disclosed principal, although the policy issued is not such as the contract calls for.

Error to Houghton; Hubbell, J.　Submitted April 28, 1896.　Decided July 21, 1896.

*Assumpsit* by Vital Bleau against Edward L. Wright and another to recover the amount of a premium advanced on a proposed policy of life insurance.　From a judgment for defendants on verdict directed by the court, plaintiff brings error.　Affirmed.

*W. A. Bateman* (*W. F. Riggs*, of counsel), for appellant.

*C. A. Wright*, for appellees.

MOORE, J.　The defendants are insurance agents for fire, life, and accident insurance companies.　They are soliciting agents for the Northwestern Mutual Life Insurance Company of Milwaukee.　Their Calumet office was in charge of E. S. Skinner, who had the same authority to solicit insurance that the defendants had, and who was authorized to sign receipts for premiums, the same as they were.　The plaintiff, who did not speak English very well, wanted to get some life insurance, and for that purpose visited the Calumet office, with an interpreter selected by himself, and applied to Mr. Skinner for a

life-insurance policy.    They had some talk about what
kind of a policy was wanted.    As to what was said, the
witnesses are not agreed.    This talk resulted in the plain-
tiff's making a written application for insurance, in the
presence of the interpreter, signed by the plaintiff.    The
premium was not paid that day; but a few days later
it was paid, and a receipt given, reading:

"Agent's receipt for advance payment of premium.
"THE NORTHWESTERN MUTUAL LIFE INSURANCE CO.
' In consideration of the application for a two thousand
dollar policy, payable at death or in ten years, made by
Vital Bleau to the Northwestern Mutual |Life Insurance
Company, there has been collected of him one hundred
twenty-eight dollars, four cents, being the first annual
cash premium on said policy.    If the risk is accepted,
the policy will be issued, and will be in force from this
date.    If the risk is not accepted, the sum collected will
be returned within 30 days.
"CALUMET, MICH., Aug. 31, 1891.
"WRIGHT & STRINGER, Agents,
"*per* ED. S. S."

This receipt was interpreted to the plaintiff by his
interpreter.    A little later, and in the usual course of
business, the insurance company issued a policy on the
application, and according to its terms, which policy was
forwarded to Mr. Skinner, who presented it to the plain-
tiff.    The plaintiff, claiming that the policy was not such
a one as he had orally agreed for, refused to receive it,
demanding a return of the money paid as premium;
payment of which was refused.    He then sued defend-
ants, declaring on the common counts in *assumpsit*, and
also for the breach of a contract made with the defendants
"acting as solicitors for the Northwestern Mutual Life
Insurance Company."    After the testimony was all in,
Judge Hubbell charged the jury that, under the law, the
action should have been brought against the principal,
instead of the agents, and directed a verdict in favor of
the defendants.

The plaintiff assigns a number of errors, but it will only be necessary to consider those relating to the action of the court in directing a verdict. The evidence is undisputed that the plaintiff knew he was dealing with agents, and dealt with them in that capacity, and upon the theory that their principal was the insurance company. Neither can there be any doubt from the record that the act of these agents was authorized by the company, and that, had the company failed to issue a policy upon the application, it would have been liable for the return of the premium paid; nor that, after the risk was accepted, the company would have been liable to pay the amount due on the policy had the plaintiff died. The rule is well settled, "if the agent makes a full disclosure of the fact of his agency and of the name of his principal, and contracts only as the agent of the named principal, he incurs no personal responsibility." Mechem, Ag. § 555; 1 Pars. Cont. (8th Ed.) p. 66; *Bonynge* v. *Field.* 81 N. Y. 159; *Whitney* v. *Wyman*, 101 U. S. 392.

The judgment is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.