RORICK *v*. STATE MUTUAL RODDED FIRE INSURANCE CO.

1. INSURANCE—MUTUAL    INSURANCE    COMPANY—PRINCIPAL    AND
   AGENT.
   Acts of mutual insurance company's agent in receiving applica-
   tion for policy, collecting premium, and forwarding application
   to company were its acts and his knowledge was its knowledge.

2. SAME—DENIAL OF LIABILITY—ARBITRATION—WAIVER.
   Mutual insurance company's denial of all liability excused in-
   sured from arbitrating dispute between them.

3. SAME—SECRET LIMITATIONS ON AGENT'S AUTHORITY.
   Agency of mutual insurance company's agent may not be nar-
   rowed by limitations on his authority not communicated to
   insured.

4. SAME—ESTOPPEL.
   Insurance company which has received premium of insured under
   circumstances leading him to believe he is receiving, in con-
   sideration thereof, valid contract of insurance, is estopped
   from afterward repudiating contract.

5. SAME—FAILURE TO ISSUE POLICY—ESTOPPEL.
   Where mutual insurance company's agent received application
   for policy, collected premium, and, although considerable time
   elapsed, company never notified insured of its rejection of his
   application or returned his money, it may not, after loss has
   occurred, repudiate liability, although no policy was ever
   issued.

6. EQUITY—JURISDICTION.
   Equity court having jurisdiction to find and establish contract,
   has jurisdiction to grant complete relief.

Appeal from Lenawee; Rathbun (George A.), J.
Submitted April 20, 1933. (Docket No. 96, Calendar
No. 37,028.)  Decided May 16, 1933.  Rehearing de-
nied August 29, 1933.

Bill by Casper H. Rorick against State Mutual Rodded Fire Insurance Company of Michigan, a Michigan corporation, to compel the issuance of a fire insurance policy and to recover thereunder for a loss by fire. Decree for plaintiff. Defendant appeals. Affirmed.

*J. W. Helme,* for plaintiff.

*Leibrand & Leibrand,* for defendant.

POTTER, J. Plaintiff filed a bill against defendant to compel the issuance of an insurance policy applied for, and paid for, and to recover for loss occasioned by fire, and other relief. From a decree for plaintiff, defendant appeals. Prior to the application for insurance and payment for the policy sought to be established and recovered upon, plaintiff had a policy of insurance in defendant, a mutual insurance company, in the sum of $11,350. He paid therefor a policy fee of one dollar and a premium of 40 cents a $100 on insurance. This policy, at the end of one year, became liable for assessment which might include a payment in advance of a sufficient amount as a surplus to cover the estimated losses and expenses for the ensuing year. At the end of the year this policy was surrendered for cancellation and delivered to the company. It is not shown plaintiff was liable on this policy beyond what he paid when the policy was issued; an assessment was made, but it does not appear whether the assessment was regularly made, whether it was for losses accrued, whether it was advance assessment for anticipated losses, or just what it was for. Later plaintiff applied to defendant's agent for new policy of insurance and such agent made a survey of the buildings and property on which insurance was

sought, took plaintiff's application, accepted, and cashed plaintiff's check, and forwarded the application and the money due the insurance company to defendant. No policy was issued. Defendant's agent or defendant kept the application and kept the money. No communication by defendant or by its agent is shown to have been made to plaintiff. Plaintiff suffered a loss. He notified the company and made proof of loss. The company denied liability and this suit resulted. Defendant insists that Mr. Humphrey, who acted as agent in receiving the application for insurance, in making a survey of the property, in accepting plaintiff's check and cashing it, in remitting the money to defendant for premium, in forwarding plaintiff's application and with whom defendant corresponded, was not its agent, but plaintiff's agent. Under the facts, Mr. Humphrey was defendant's agent in receiving the application, collecting the premiums, and forwarding the application to defendant; his acts were the acts of the company; his knowledge the knowledge of the company. *Russell* v. *Detroit Mutual Fire Ins. Co.,* 80 Mich. 407; *Blake* v. *Insurance Co.,* 194 Mich. 589. Defendant claims plaintiff was bound by the policy provisions as to arbitration. Defendant denied all liability. This excused plaintiff from arbitrating the dispute between them. *Blake* v. *Insurance Co., supra.* It is claimed plaintiff cannot bring into being a policy of insurance upon which defendant may be held liable by estoppel alone. This is probably true (*Ames* v. *Auto Owners Ins. Co.,* 225 Mich. 44); but Humphrey was held out by the company as its agent. The company dealt with him as its agent, as did plaintiff, who had no notice or knowledge of any limitation upon Humphrey's authority. He had apparent authority to effect insurance. He took the application, made the survey, collected the

premium and other charges for the policy, and the application and the money are still in his hands, or in the hands of defendant company. His agency cannot be narrowed by limitations on his authority not communicated to plaintiff. *Insurance Co.* v. *Wilkinson*, 13 Wall. (80 U. S.) 222; *Ames* v. *Auto Owners Ins. Co., supra.*

"An insurance company which has received the premium of the insured under circumstances leading the insured to believe he is receiving, in consideration of the payment of such premium, a valid contract of insurance, is estopped from afterward repudiating the contract." *Coverdill* v. *Northern Ins. Co.,* 243 Mich. 395.

A considerable period of time elapsed after the application was made and money received by defendant's agent before plaintiff's loss occurred. Plaintiff was not notified he had no protection. Defendant or its agent kept plaintiff's application and kept the money. Had plaintiff's application been rejected, his money returned, and he notified, he could have obtained protection elsewhere. He had done all he could to obtain insurance from defendant company. It, so far as plaintiff is concerned, did nothing to indicate the rejection of his application or the return of his money. It corresponded with its agent Humphrey, but the dealings of the company with its agent are, so far as plaintiff is concerned, intra-company dealings and transactions not binding on plaintiff. The court was not in error in holding plaintiff was entitled to recover from defendant on the same basis as if it had actually issued and delivered to plaintiff the policy applied for, and paid for, and which plaintiff was not notified was rejected, the premium for which is still in the hands of defendant or its agent. It is well settled that if

the court has jurisdiction to find and establish the contract, it has jurisdiction to grant complete relief.

We find no reason for reversing the decree of the trial court, which is affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.