BLEAM v. STERLING INSURANCE COMPANY.

1. CORPORATIONS—PRINCIPAL AND AGENT—MISTAKES.
   A corporation, such as an insurance company, acts through its agents and employees, and their mistakes in the course of their employment are the mistakes of the corporation.

2. INSURANCE—MISTAKE—FRAUD—HEALTH AND ACCIDENT POLICY—REFORMATION OF INSTRUMENTS—EFFECTIVE DATE OF POLICY.
   The mistake or fraud of agent of insurer under health and accident insurance policy in stating to plaintiff that he was insured against accidental injury immediately upon payment of premium although coverage on other risks was delayed until acceptance of policy by the insurer *held*, to entitle insured to reformation of policy as to effective date to date when pre-

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur, Corporations § 889.
[2] 29 Am Jur, Insurance § 341.
[3] 2 Am Jur, Agency §§ 362-364.
[4] 29A Am Jur, Insurance § 1914.

mium was paid and to subject insurer for liability thereunder for $100 monthly payment for permanent and total disability.

3. PRINCIPAL AND AGENT—FRAUD—AUTHORITY.

The principal is chargeable with the fraud of his agent committed upon a third person in the course of his employment, even though the principal was ignorant thereof and the agent, in so doing, exceeded his authority or acted in violation of the principal's instructions.

4. REFORMATION OF INSTRUMENTS—EVIDENCE—INSURANCE POLICY—AMBIGUITY.

Provision of advertising folder of defendant insurer under health and accident insurance policy that policy paid for accidents immediately, for sickness after policy was in force 30 days and for other specified ailments after 6 months, *held,* so ambiguous as to render admissible in evidence relevant conversations between agent and insured in latter's suit for reformation of policy to cover liability for permanent and total disability due to accident sustained by plaintiff 4 days after he had paid premium.

Appeal from Kent; Souter (Dale), J. Submitted January 6, 1960. (Docket No. 29, Calendar No. 47,-812.) Decided June 7, 1960.

Bill by LeRoy H. Bleam against Sterling Insurance Company, now known as Constitution Life Insurance Company, to reform health and accident insurance policy and compel payments thereunder. Bill dismissed. Plaintiff appeals. Reversed and decree ordered to enter.

*Alexander, Cholette, Buchanan, Perkins & Conklin (Edward D. Wells,* of counsel), for plaintiff.

*Uhl, Bryant, Wheeler & Upham (Gordon B. Wheeler,* of counsel), for defendant.

DETHMERS, C. J. Plaintiff's bill of complaint prays for reformation of a policy of health and accident insurance, issued by defendant insurance com-

pany to him, to make its effective date October 6, 1955, instead of the date mentioned as such in the policy, namely, November 28, 1955. This is of significance because plaintiff suffered an accident on October 10, 1955, resulting in his permanent and total disability, for which he is entitled to monthly payments of $100 if the policy was in effect at the time of accident.

A Mr. Gurwin was licensed as direct writing resident agent of defendant. On the evening of October 6, 1955, he called on plaintiff and his wife, at their home, and showed them defendant's advertising folder which stated that its policy "pays for accidents immediately—for sickness after policy in force 30 days—for tuberculosis, heart trouble, abdominal operations, or female disorders that start after policy is in force 6 months." The folder also contained, at the end, a form for receipt of payment of premium. Mr. Gurwin showed plaintiff and wife the folder, pointed out and checked with pencil the language that the policy "pays for accidents immediately." He told them that the policy would cover plaintiff "immediately right now for accidents" upon plaintiff's payment to him of the premium. Plaintiff paid accordingly, and Mr. Gurwin filled out, signed, and gave plaintiff the receipt printed at the end of the folder. Then, as he left their house, when plaintiff cautioned him about slipping on the wet steps, he replied to plaintiff, "Well, that's one thing you don't have to worry about. If you slip and break your leg tonight you'd be covered." Later Mr. Gurwin admitted to plaintiff's counsel that he had made such statements to plaintiff and wife concerning immediate coverage for accidents.

The mentioned receipt contained the following sentence:

"It is understood and agreed that this insurance will go into effect only after the application is ap-

proved at the home office of the company and the policy bearing its effective date is actually issued."

The application for insurance, signed by plaintiff on the evening of October 6th, contained the following:

"15. Do you understand and agree that no insurance will be effected until a policy is issued to you? Yes.

"16. Do you hereby apply to Sterling Insurance Company for this policy to be issued solely and entirely in reliance upon the written answers to the foregoing questions, which you agree are true and correct to the best of your knowledge and belief, and do you agree that the company is not bound by any statement made by or to any agent unless written herein; and do you hereby authorize any physician or other person who has attended or may attend you to disclose any information thus acquired? Yes."

Plaintiff and wife admitted, on trial, that Mr. Gurwin had read to them the above provision in the receipt as to when insurance would go into effect and also the quoted questions 15 and 16 contained in the application. They testified that plaintiff then questioned Mr. Gurwin in that connection, as to whether those provisions were not inconsistent with Gurwin's statement, and that the latter told them not to worry about that and assured them that the plaintiff was covered for accidents as of that time upon his payment of the premium and receiving the receipt. Plaintiff testified that he had understood that the policy became effective for other coverages therein mentioned "the day the company okayed the policy," but, as to coverage for accidents, immediately upon payment of the initial premium. Mr. Gurwin said to plaintiff's counsel that it was his interpretation of the folder, receipt, and application, that plaintiff would be covered for accidents as of October 6th if the company accepted the policy.

In an envelope postmarked December 5, 1955, defendant's home office, in Chicago, sent plaintiff the policy, showing its effective date, as previously mentioned, to be November 28, 1955. Defendant has refused to pay plaintiff's disability claim on the ground that the policy was not, under its terms and the unambiguous language of the instruments above considered, in effect when plaintiff was accidentally injured. Plaintiff seeks not only the reformation of the policy, as to its effective date, but, also, a decree requiring its performance and payment of the agreed benefits thereunder by defendant.

The trial court denied reformation of the policy, holding that there was no proof of a mutual mistake of fact or a unilateral mistake of fact coupled with fraud by the opposite party, and that there was no ambiguity, uncertainty or anything in the written instruments to mislead an applicant. As for the language on the folder, "pays for accidents immediately," the court stated that this clearly meant "immediately on the issuance of the policy." The court, accordingly, held that testimony of the conversations between plaintiff and Mr. Gurwin, tending, as he viewed it, to vary the terms of the written instruments, taken in a separate record, was inadmissible. The court entered a decree dismissing plaintiff's bill of complaint, with prejudice. Plaintiff appeals.

We have noted plaintiff's testimony as to how he understood the provisions of the instruments concerning the policy's effective date. The interpretation which defendant's agent admittedly placed thereon was contrary to what defendant now contends to be their clear and unambiguous meaning. Plaintiff's understanding and the agent's interpretation were alike. If the interpretation here contended for by defendant is correct, there was a mutual mistake with respect thereto shared by plaintiff and the agent, or, if, as we decline to believe, the latter knew

better, then there was a unilateral mistake on plaintiff's part coupled with and prompted by fraudulent misrepresentation by defendant's agent. A corporation, such as defendant, acts through its agents and employees. Their mistakes are the mistakes of the corporation, warranting, under circumstances such as these, reformation of the resulting contract. *Ovavez* v. *Patrons' Mutual Fire Insurance Co.*, 233 Mich 305; *Raymond* v. *Auto-Owners' Insurance Co.*, 236 Mich 393. If it be not a case of mistake but fraud on the part of the agent committed in the course of his employment, defendant, as his principal, is chargeable therewith, even though the principal was ignorant thereof and the agent, in so doing, exceeded his authority or acted in violation of his principal's instructions. 3 CJS, Agency, § 255, pp 186, 187; see, also, *Gower* v. *Wieser*, 269 Mich 6. Again, plaintiff would be entitled to the relief prayed.

If, as the proofs indicate, defendant's agent misunderstood and misinterpreted the language of defendant's own printed materials, it is not surprising that plaintiff, who, as the record discloses, never finished high school, should have misunderstood them and have been led, after his questions in that regard, to accept the agent's interpretation and assurances. It is evident that the language of the instruments was ambiguous insofar as plaintiff and the agent were concerned. Examination thereof satisfies us that the instruments could well have confused and misled plaintiff. There was such ambiguity as to render the evidence of relevant conversations between plaintiff and agent admissible. See *Wadsworth* v. *New York Life Insurance Co.*, 349 Mich 240, and authorities therein cited.

Consideration of the testimony and examination of the instruments satisfies us that the policy, fixing its effective date as of November 28, 1955, did not express the agreement and intention of the parties. It

should be reformed as prayed. *Heath Delivery Service* v. *Michigan Mutual Liability Co.*, 257 Mich 482; *Goldman* v. *Century Insurance Co.*, 354 Mich 528. See, also, *Kansas City Life Insurance Co.* v. *Cox* (CCA 6), 104 F2d 321; *Rorick* v. *State Mutual Rodded Fire Insurance Co.*, 263 Mich 169.

Decree below reversed. Decree may enter in this Court reforming the policy as prayed and requiring defendant to pay plaintiff $100 per month for total and permanent disability as in the policy provided. Costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.