KAMINSKAS v LITNIANSKI

1. INSURANCE—AUTOMOBILES—PRINCIPAL AND AGENT—PARTIALLY DIS-
   CLOSED PRINCIPAL.

   An insurance agency which accepted money to be credited toward
   an automobile insurance premium and gave a receipt and
   certificate of insurance identifying the insurer only by the
   letters "Sic" was an agent for a partially disclosed principal.

2. PRINCIPAL AND AGENT—CONTRACTS—PARTIALLY DISCLOSED PRINCI-
   PAL—LIABILITY OF AGENT.

   A person purporting to make a contract with another for a
   partially disclosed principal is a party to the contract unless
   otherwise agreed, is subject to separate liability, and may be
   sued individually without the joinder of the principal.

3. INSURANCE—PRINCIPAL AND AGENT—CONTRACTS—LIABILITY OF
   AGENT—ESTOPPEL.

   An insurance agent is estopped from denying the existence of
   insurance coverage where he had apparent authority to con-
   tract for the sale of insurance on behalf of another, he received
   an application and premium, and the insured was led to believe
   he was covered.

4. PRINCIPAL AND AGENT—CONTRACTS—AUTHORITY OF AGENT—LIABIL-
   ITY OF AGENT.

   One who purports as agent to enter into a contract upon which
   the principal is not bound because the agent has contracted
   without authority or in excess of his authority is personally
   liable for the damage thus occasioned to the other contracting
   party where the other party is ignorant of the lack of authority
   and has acted upon the faith of the express or implied repre-
   sentations that the professed agent had the authority assumed.

Appeal from Wayne, Joseph G. Rashid, J. Sub-

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 43 Am Jur 2d, Insurance §§ 146–150, 592, 593.

mitted Division 1 November 8, 1973, at Detroit. (Docket No. 16054.) Decided December 28, 1973.

Complaint by Frank A. Kaminskas and Rose Kaminskas against Daniel Litnianski, Dianne Chandler, and Fred Chandler for damages for injuries sustained in an automobile accident. The Motor Vehicle Accident Claims Fund appeared on behalf of defendants and made a third-party complaint against Arlan's Agency, Inc., for indemnity for breach of contract. Judgment for plaintiff against defendants and for defendants against third-party defendant Arlan's Agency, Inc. Third-party defendant appeals. Affirmed.

*David N. Walsh,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendants.

*Goldman, Mason & Steinhardt,* for third-party defendant.

Before: LESINSKI, C. J., and FITZGERALD and CARLAND,* JJ.

FITZGERALD, J. This case arises out of an automobile accident occurring on Ford road in Dearborn, Michigan. A disagreement exists as to who should be liable for the resulting damages.

On March 25, 1966, an automobile was operated by defendant Daniel Litnianski, traveling alone and with the consent of the owner, Fred Chandler. He collided with another vehicle driven by plain-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tiff Frank Kaminskas, resulting in severe personal injuries to plaintiff and extensive damage to his car. Defendant Litnianski pled guilty to the charge of driving on the wrong side of the road.

One month earlier, on February 26, 1966, Chandler had paid $54 to Arlan's Agency, Inc. (hereinafter referred to as Arlan's), to insure his 1965 Ford. In exchange for this amount, which was to be credited toward payment for an insurance policy, Chandler received a receipt as well as a certificate of insurance dated February 26, 1966. The insurer was identified on the certificate by the letters "Sic", further described as "an authorized Michigan insurer" which "certifies that it has issued a policy complying with the Motor Vehicle Accident Claims Act applicable to the described motor vehicle". The certificate also stated in bold face lettering:

"This form may be presented as evidence of insurance with your application for license plates at any Secretary of State License Plate Branch Office."

In the upper right corner of the certificate the policy number was listed as not yet assigned. Below that, 2-26-67 was indicated as the expiration date of the policy. Further below, an illegible signature appeared in the space designated for an authorized representative.

A third document entitled "Exclusion of Named Driver" excluded from coverage any male operator under 25 years of age except the named insured. This indorsement was also dated February 26, 1966, was issued by "Spartan Insurance" and was signed by an authorized representative different from the name appearing on the certificate of insurance.

On March 30, 1966, five days following the acci-

dent, the Spartan Insurance Company (hereinafter called Spartan) issued its policy number A C 2535742 insuring Chandler's 1965 Ford. Predictably, this pattern of events created conflicting theories as to who should be liable for plaintiffs' damages.

Spartan denied coverage for the March 25, 1966, accident contending that its policy was not effective until March 30, 1966. On October 17, 1967, plaintiffs Frank and Rose Kaminskas filed a claim for damages against defendant Litnianski (the driver) and Chandler (the owner) in the Wayne County Circuit Court. When the defendant failed to respond, notice was served upon the Motor Vehicle Accident Claims Fund. The Uninsured Motorist Fund, appearing on behalf of both defendants as a third-party plaintiff, filed a motion pursuant to GCR 1963, 204, to add Arlan's as the third-party defendant. The trial judge entered a consent judgment against Arlan's determining that they had issued a valid insurance policy to Chandler on February 26, 1973, and accordingly found Arlan's liable for damages. This appeal followed.

Arlan's contends that, as authorized agents of Spartan, they cannot be liable to a purchaser of insurance as a matter of law. They further argue that the record does not contain sufficient competent evidence to support a judgment against them. We find these contentions without merit.

Arlan's theory that they cannot be liable as a matter of law assumes that the principal, Spartan, was disclosed to Chandler. *Bleau v Wright,* 110 Mich 183; 68 NW 115 (1896). The facts of the case indicate that Spartan was at best a partially disclosed principal. The initials "Sic" appearing on the certificate do not identify the insurer at all,

and the exclusion indorsement issued the same day listing the insurer as "Spartan Insurance" does not adequately disclose the insuring party with whom Chandler was doing business. The consequence of this failure to adequately disclose the identity of Spartan is to render Arlan's liable.

"Unless otherwise agreed, a person purporting to make a contract with another for a partially disclosed principal is a party to a contract." 2 Restatement, Agency, 2d, § 321, p 70.

The Comments to § 321, pp 70–71, explain the rule of that section by saying:

"The fact that, to the knowledge of the agent, the other party does not know the identity of the principal is of great weight in ascribing to the other party the intention to hold the agent liable either solely, or as a surety or co-promisor with the principal. The inference of an understanding that the agent is a party to the contract exists unless the agent gives such complete information concerning his principal's identity that he can be readily distinguished. If the other party has no reasonable means of ascertaining the principal, the inference is almost irresistible and prevails in the absence of an agreement to the contrary.

\* \* \*

"Unless agreed otherwise, the agent is subject to separate liability and may be sued individually without the joinder of the principal."

See, also, *Dodge v Blood,* 299 Mich 364; 300 NW 121 (1941).

A separate basis for affirming the liability of Arlan's is estoppel. The "Certificate of Insurance" purported to bind Spartan by providing plaintiffs with insurance coverage for one year beginning February 26, 1966. Spartan was identified as an authorized Michigan insurer. The policy was pre-

sented as complying with the Motor Vehicle Accident Claims Act and could be presented as evidence of insurance in making application for license plates. The expiration date of the certificate was listed February 26, 1967, one year from the date of issuance. In exchange for the Certificate of Insurance, defendant Chandler paid $54. This certificate represented to Chandler, to the Secretary of State, and to any other third party that this insurance was in effect from February 26, 1966. Chandler, by deposition, stated he was told that the insurance was effective from the date the $54 was paid.

Combining the above circumstances, the underlying rationale of *Rorick v State Mutual Rodded Fire Insurance Co,* 263 Mich 169; 248 NW 584 (1933), is applicable. There, it was held that where an agent with apparent authority to contract for the sale of insurance on behalf of another received an application and premium which remained in either his hands or those of the insurer, both agent and insurer would be estopped from denying the existence of coverage where the insured was led to believe he was covered. While the case at bar relates to reaching only the agent who purported to bind his principal, the rationale of *Rorick* is manifestly applicable. The failure of Arlan's to disclose to Chandler that he was not in fact provided with insurance coverage despite the representations made to him is fatal to their position denying liability. The Supreme Court addressed the estoppel issue in *Holt v Stofflet,* 338 Mich 115, 119; 61 NW2d 28, 30 (1953):

"It is a familiar rule of law that an estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to be-

lieve certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts."

See, also, *Huhn v Davis,* 18 Mich App 440, 446; 171 NW2d 494, 497 (1969). Accordingly, Chandler was justified in believing himself to be insured and Arlan's is estopped from denying that its representations to Chandler followed by the acceptance of his $54 were sufficient to create this belief.

Whether Arlan's functioned within or exceeded its authority in dealing with Chandler presents yet a third theory upon which Arlan's may be found liable. March 30, 1966, the date Spartan issued the actual insurance policy, is said to be the effective coverage date. Yet, in issuing the certificate on February 26, which purportedly became effective immediately, it is arguable that Arlan's exceeded its authority granted by Spartan. The general principle regarding this situation is succinctly stated in 3 Am Jur 2d, Agency, § 298, pp 657–658:

"It is well settled that one who purports as agent to enter into a contract, upon which the principal is not bound because of the fact that the agent has contracted without authority or in excess of his authority, is personally liable for the damage thus occasioned to the other contracting party. It does not matter in this respect that he may have described himself as an agent, and, moreover, it is generally considered that even where the agent undertook to act, bona fide, believing he had the authority, but in fact having none, he is responsible because he has been guilty of a wrong or omission depriving the party dealing with him of the benefit of the liability of the principal for whom he assumed to contract. To give a party a right of action against a professed agent, however, he must have been ignorant of the lack of authority and have acted upon the faith of the express or implied representations that the professed agent had the authority assumed."

The above basis of personal liability has been categorized as a breach of implied warranty of authority and has been adopted in Michigan:

"It is well settled that where an agent undertakes to contract on behalf of another, and contracts in a manner which is not binding on his principal, he will be personally responsible, as he is presumed to know the exact extent of his authority." *Newberry v Slafter,* 98 Mich 468, 471; 57 NW 574, 575 (1894).

If we accept Arlan's contention that the existence of the certificate serves to prove the agency relationship between themselves and Spartan in order to avoid liability as a matter of law, we must also consider the rights and duties created by the execution of the certificate. In so doing, we find that Arlan's did exceed their authority and had no power to bind Spartan prior to the date the actual insurance policy was issued to the purchaser.

Affirmed. Costs to appellees.

All concurred.