**HOESCH HANDEL AG, formerly known as Hoesch Handel GMBH, Plaintiff-Appellee,**

**v.**

**Charles GOLDFARB, Defendant-Appellant.**

No. 75–1497.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 15, 1975.

Decided Jan. 16, 1976.

Norman L. Zemke, Zemke & Lustig, Southfield, Mich., for defendant-appellant.

Lawrence S. Katkowsky, Southfield, Mich., for plaintiff-appellee.

Before WEICK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Appellant Goldfarb was held liable in the District Court for executing and filing, without any authority, a surety bond in another action, which surety bond he signed as attorney in fact for United Bonding Insurance Company (United), and caused a writ of garnishment obtained by the plaintiff-appellee to be released. In that action the plaintiff later obtained a judgment which it was unable to collect from the judgment debtor. Plaintiff then made claim against United, which denied liability on the ground that Goldfarb was without authority to execute and file the surety bond. If said bond had been authorized the surety could have been made a party to the judgment, upon motion.

Plaintiff sued Goldfarb in the present action, which was tried by the District Judge without a jury. The District Judge adopted findings of fact and conclusions of law in which he found that Goldfarb did not have either express or implied authority to execute that type of bond. He further found that the execution of the bond was never reported to United; that it never received a premium for the execution of the bond; and that United did not know the bond had been executed. He further found that United does not permit its agents to execute that type of bond without express authority and without obtaining adequate security approved by it to protect it from loss.

The District Court entered judgment against Goldfarb for the full amount of the judgment recovered by plaintiff in the garnishment action. Goldfarb appealed. We affirm.

Goldfarb does not question the holding of the District Court on the issue of liability; he questions only the measure of damages applied by the Court. It is Goldfarb's theory that he is liable only for the amount which plaintiff could now collect from United which is presently in liquidation under the jurisdiction of an Indiana Court, and the amount has not yet been determined and might be only a few cents on the dollar. In our opinion Goldfarb's theory is without merit.

The holding of the District Court that Goldfarb was liable on the bond is supported by *Newberry v. Slafter,* 98 Mich. 468, 57 N.W. 574 (1894), and *Brusslan v. Larsen,* 6 Mich.App. 680, 150 N.W.2d 525 (1967).

Furthermore, if the bond had been authorized with security, the plaintiff would have been subrogated to the rights of the surety in the security. *Union Nat'l Bank v. Rich,* 106 Mich. 319, 64 N.W. 339 (1895).

Affirmed.