## HOESCH HANDEL AG, formerly known as Hoesch Handel GMBH, Plaintiff-Appellee,

v.

## Charles GOLDFARB, Defendant-Appellant.

### No. 75–1497.

United States Court of Appeals, Sixth Circuit.

Feb. 20, 1976.

Before WEICK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

### ORDER

Upon consideration, it is ORDERED that the petition for rehearing be and it is hereby denied.

McCREE, Circuit Judge (dissenting).

I would grant the motion for rehearing. The loss occasioned by plaintiff caused by its reliance on Goldbarb's misrepresentation is the amount that Hoesch Handel would have recovered from United if the bond had been authorized. Since United is now in insolvency proceedings, the damages recoverable would be limited to the amount of the dividend, if any, paid by United's receiver. See comment j, § 329, Restatement II of Agency, which is made specifically applicable to the rule stated in § 330 that imposes liability upon an agent who misrepresents his authority:

[I]f, because of the insolvency or other condition of the principal, or because of supervening impossibility or illegality, there would be no advantage in a contract with the principal, there are no damages.

* Prior to these events, Goldfarb and United Bonding had entered into an agency agreement dated December 9, 1961. The agreement provides in part:

Although our opinion, 527 F.2d 1099, recited that if the bond had been authorized, security would have been required and plaintiff would have been subrogated to the rights of the surety in the security, nevertheless, upon rehearing, I would hold that the record does not permit a finding that security would have been required in every instance of issuance of a garnishment bond, nor does it permit a finding of the amount or form of security that would have been required or the identity of the person who would have been required to give it. The entire district court findings on this point are in the margin.* This provision, combined with the testimony of the corporate officer who was the chief underwriter of United Bonding during the relevant time period, makes it clear that the authority of the defendant was not absolute. More particularly, under the procedures of United Bonding, neither the defendant nor any agent had authority to issue garnishment bonds in any amount, much less the amount involved herein. The home office was the sole repository of authority to issue such bonds; and for such a bond to issue, the agent was required to contact the home office for approval. If adequate collateral was provided and the home office was in agreement, it would issue the bond in fully executed form; and upon his receipt thereof, the agent would file the bond with the appropriate court and collect the premium. Records of the transaction were to be made by both the agent and United Bonding. In some instances, the agent himself could issue the bond pursuant to a power of attorney. Even in under this approach, however, it was necessary to obtain home office approval and to maintain appropriate records. In the instant case, the defendant neither sought nor obtained home office approval, the execution of the bond was never reported to United Bonding, nor was the premium ever reported or paid to United Bonding.

(2) Agent has full power and authority to receive and accept proposals for bonds covering *such classes of risk as the company may from time to time, authorize* to be insured; * * *. (emphasis supplied).