McCARTHY v STATE FARM INSURANCE COMPANY

HALL v STATE FARM INSURANCE COMPANY

Docket Nos. 95838, 96929. Submitted December 16, 1987, at Detroit. Decided August 1, 1988.

Nancy McCarthy and Carol Hall were both employed by William Harb at Harb Insurance Agency, Inc., which sold State Farm insurance exclusively. McCarthy in one action and Hall and her husband, Timothy A. Hall, in a separate action filed suit against State Farm Insurance Company, William Harb, and Harb Insurance Agency, Inc., in Wayne Circuit Court alleging that McCarthy and Hall, while employed at the Harb Agency, were subjected to sexual harassment by William Harb in violation of the Civil Rights Act. State Farm moved for summary disposition in each action, arguing that, pursuant to the agent's agreement between it and the Harb Agency, the agency was an independent contractor and therefore, as a matter of law, State Farm was not liable for William Harb's actions. The court, John H. Gillis, Jr., J., granted summary disposition in favor of State Farm. Plaintiffs filed separate appeals, which have been consolidated.

The Court of Appeals *held:*

1. The Civil Rights Act prohibits sexual harassment of an employee by the employer. Thus, the issue presented is whether State Farm was the employer of the plaintiffs for the purposes of the Civil Rights Act. The appropriate test to apply to determine whether State Farm was the plaintiffs' employer is the economic reality test. Under the economic reality test, genuine issues of fact existed as to whether an employer-employee relationship existed between State Farm and plaintiffs.

REFERENCES

Am Jur 2d, Agency §§ 270 *et seq.,* 281 *et seq.*

Am Jur 2d, Master and Servant §§ 2, 14 *et seq.*

Am Jur 2d, Summary Judgment §§ 26, 27.

On-the-job sexual harassment as violation of state civil rights law. 18 ALR4th 328.

See also the Index to Annotations under Agents and Agency; Labor and Employment.

The trial court erred in granting summary disposition in favor of State Farm.

2. Plaintiffs' alternative theory, that State Farm was liable for the acts of the Harb Agency under the doctrine of respondeat superior, also raises genuine issues of material fact. The trial court erred in granting summary disposition in favor of State Farm as to this theory of liability.

Reversed and remanded.

1. CIVIL RIGHTS — MASTER AND SERVANT — SEXUAL HARASSMENT.

Sexual harassment of an employee by an employer is prohibited by the Civil Rights Act (MCL 37.2103[h]; MSA 3.548[103][h]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATERIAL FACT.

A motion for summary disposition made on the basis that there is no genuine issue of material fact tests the factual support for a claim; in ruling on such a motion, a court must consider the pleadings, depositions, affidavits, admissions and other documentary evidence and give the benefit of any reasonable doubt to the nonmoving party; summary disposition is appropriate only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency which cannot be overcome (MCR 2.116[C][10]).

3. CIVIL RIGHTS — MASTER AND SERVANT — EMPLOYMENT RELATIONSHIP — ECONOMIC REALTY TEST.

The economic reality test is the appropriate test to apply in determining the existence of an employment relationship for purposes of the Civil Rights Act; this test looks to the totality of the circumstances surrounding the performed work in relation to the statutory scheme under consideration and, while control of the worker's duties is to be considered under the economic reality test, other equally important factors include payment of wages, authority to hire and fire, and the responsibility for the maintenance of discipline (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

4. AGENCY — INSURANCE — INSURER'S LIABILITY FOR ACTS OF AGENTS.

The same laws of agency apply to insurers, with respect to their liability for the acts of insurance agents, as apply to other persons.

5. CIVIL RIGHTS — MASTER AND SERVANT — SEXUAL HARASSMENT — RESPONDEAT SUPERIOR.

A plaintiff relying on the doctrine of respondeat superior and seeking to hold his or her employer responsible under the Civil

Rights Act for sexual harassment by the plaintiff's supervisor or co-worker must show that the employer knew or should have known of the harassment in question and failed to take prompt remedial action; the employee can demonstrate that the employer knew of the harassment by showing that he or she complained to higher management of the harassment or by showing the pervasiveness of the harassment, which gives rise to the inference of knowledge or constructive knowledge (MCL 37.2101 *et seq.*; MSA 3.548[101] *et seq.*).

6. AGENCY — RESPONDEAT SUPERIOR.

Whether or not an agency relationship exists for the purpose of common-law respondeat superior liability is determined by focusing on the principal's right of control over its agent.

*Eaman & Ravitz, P.C.* (by *Frank D. Eaman*), for plaintiffs.

*Pepper, Hamilton & Scheetz* (by *Robert C. Ludolph* and *Helen R. Haynes*), for defendant.

Before: WALSH, P.J., and McDONALD and P. NICOLICH,* JJ.

P. NICOLICH, J. This consolidated appeal arises from two complaints filed against State Farm Insurance Company and defendants William Harb and Harb Insurance Agency, Inc., by plaintiffs Carol and Timothy Hall and plaintiff Nancy McCarthy. In their complaints, the plaintiffs alleged that plaintiffs Carol Hall and Nancy McCarthy, while employed at Harb Insurance Agency, Inc. (HIA), were sexually harassed by William Harb, the proprietor of HIA, in violation of the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* HIA sold State Farm insurance exclusively. State Farm filed motions for summary disposition in both actions, arguing that, pursuant to the agent's agreement between it and HIA, HIA was an independent contractor and therefore, as a matter of

* Circuit judge, sitting on the Court of Appeals by assignment.

law, State Farm was not liable for Harb's actions. Plaintiffs appeal as of right from the lower court orders granting summary disposition to State Farm.

Section 202 of the Civil Rights Act prohibits discrimination by an employer on the basis of sex. MCL 37.2202; MSA 3.548(202). Unlawful sexual discrimination includes sexual harassment. MCL 37.2103(h); MSA 3.548(103)(h). An "employer" under the act is defined as "a person who has one or more employees, and includes an agent of that person." MCL 37.2201(a); MSA 3.548(201)(a). The act defines "person" as

> an individual, agent, association, corporation, joint apprenticeship committee, joint stock company, labor organization, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, unincorporated organization, the state or a political subdivision of the state or an agency of the state, or any other legal or commercial entity.

The issue presented is whether State Farm was an "employer" of the plaintifffs under the act. If genuine issues of material fact existed as to whether State Farm was an employer, summary disposition was improper.

A motion for summary disposition under MCR 2.116(C)(10)[1] tests the factual support for a claim. *Bambino v Dunn,* 166 Mich App 723, 726; 420 NW2d 866 (1988). In ruling on such a motion, the trial court must consider the pleadings, depositions, affidavits, admissions and other documen-

---

[1] Although State Farm's motions did not specifically identify the court rule upon which it based its entitlement to summary disposition, we presume it sought relief pursuant to MCR 2.116(C)(10), since it relied on pleadings, affidavits and deposition testimony when submitting its motion.

tary evidence. *Id.* The benefit of any reasonable doubt must be given to the nonmoving party. *Id.* Summary disposition is appropriate only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency which cannot be overcome. *Id.*

We believe the appropriate test to be used to determine whether State Farm was plaintiffs' employer was the economic reality test adopted in *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 647; 364 NW2d 670 (1984). At issue in *Wells* was whether the defendant parent corporation was the plaintiff's employer for purposes of the Workers' Disability Compensation Act, MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, where the plaintiff worked at the defendant's wholly owned subsidiary. The Supreme Court noted that our courts have replaced the common-law control test with the economic reality test when questions have arisen relative to the existence of an employment relationship. *Id.* The economic reality test looks to the totality of the circumstances surrounding the performed work in relation to the statutory scheme under consideration. *Wells, supra,* p 648. While control of the worker's duties is to be considered under the economic reality test, other equally important factors include payment of wages, authority to hire and fire, and the responsibility for the maintenance of discipline. *Id.*

The economic reality test has been applied by the Sixth Circuit Court of Appeals in construing the definition of employee under the Civil Rights Act. In *Falls v The Sporting News Publishing Co,* 834 F2d 611 (CA 6, 1987), the Sixth Circuit Court of Appeals found that summary judgment in favor of the defendant was improperly granted where the district court had based its opinion on the

common-law independent contractor/employee distinction. While the court opined that a true independent contractor would not be protected under the civil rights statute, it held that the relationship between the parties should be evaluated under the economic reality test. *Falls, supra,* p 614.

The record in the instant case fails to indicate that the lower court used the appropriate test to evaluate the relationship between the plaintiffs and State Farm. Furthermore, we believe the pleadings, affidavits, depositions on file, and the agent's agreement between State Farm and HIA, viewed in a light most favorable to plaintiffs, created genuine issues of material fact as to whether plaintiffs were employees of HIA or State Farm. Under the agent's agreement, State Farm maintained a significant amount of control over HIA's operations: State Farm retained approval rights over HIA's hiring of sales personnel; State Farm controlled all advertising; State Farm retained the right to prescribe all policy fees, premiums, and provisions of all insurance policies sold by HIA; HIA was prohibited from selling any insurance other than State Farm; and all monies collected by HIA were to be held in trust for State Farm. Affidavits by Ed Blanchett, agency manager for State Farm, and plaintiff Hall indicated that Blanchett interviewed Hall and other candidates for the position ultimately filled by plaintiff Hall, that Blanchett made weekly visits to HIA, that Hall had complained to Blanchett regarding Harb's sexual harassment, and that Blanchett indicated State Farm's awareness of past problems of a similar nature with Harb. Under the economic reality test, genuine issues of fact existed as to whether an employer-employee relationship existed between plaintiffs and State Farm. State Farm was not entitled to summary disposition.

Plaintiffs alternatively base their right to relief against State Farm on the theory that State Farm, as principal of HIA, was liable for the acts of its agent HIA under the doctrine of respondeat superior. With respect to their liability for the acts of insurance agents, the same laws of agency apply to insurers as to other persons. *Bleam v Sterling Ins Co*, 360 Mich 208; 103 NW2d 466 (1960).

The doctrine of respondeat superior in relation to a sexual harassment claim brought under Title VII is discussed in *Henson v City of Dundee*, 682 F2d 897, 905 (CA 11, 1982):[2]

> Where . . . the plaintiff seeks to hold the employer responsible for the hostile environment created by the plaintiff's supervisor or co-worker, she must show that the employer knew or should have known of the harassment in question and failed to take prompt remedial action. . . . The employee can demonstrate that the employer knew of the harassment by showing that she complained to higher management of the harassment . . . or by showing the pervasiveness of the harassment, which gives rise to the inference of knowledge or constructive knowledge. [Citations omitted.]

The existence of an agency relationship for the purpose of common-law respondeat superior liability focuses on the principal's right of control over its agent. *Parham v Preferred Risk Mutual Ins Co*, 124 Mich App 618, 622; 335 NW2d 106 (1983). Issues of material fact existed as to the existence of an agency relationship between State Farm and HIA. Once again, the agent's agreement between State Farm and HIA and the averment contained

---

[2] In deciding questions raised under the Civil Rights Act, Michigan courts have found it appropriate to look to federal precedents on analogous issues. *Langlois v McDonald's Restaurants of Mich, Inc*, 149 Mich App 309, 312; 385 NW2d 778 (1986), lv den 426 Mich 867 (1986).

in the affidavits of plaintiff Hall and Blanchett created an issue of fact as to State Farm's right of control over HIA. Additionally, in her affidavit plaintiff Hall specifically averred that she had complained to Blanchett of Harb's sexual harassment and that Blanchett acknowledged State Farm's awareness of such conduct by Harb. State Farm was not entitled to summary disposition where there existed genuine issues of fact material to the issue of liability under the doctrine of respondeat superior.

Accordingly, we reverse the lower court orders granting summary disposition to State Farm and dismissing the counts against State Farm, and we remand these matters for further proceedings consistent with this opinion.