MERIDIAN MUTUAL INSURANCE COMPANY v WYPIJ

Docket No. 180794. Submitted August 12, 1997, at Detroit. Decided November 4, 1997, at 9:00 A.M.

Meridian Mutual Insurance Company brought an action in the Wayne Circuit Court against Lawrence Wypij, doing business as VIP-E Construction, its insured under a commercial general liability policy, and Jack D. Cox, a worker who had been hired by Wypij to work on a home roofing project, had been injured while working on that project, and had sued Wypij, seeking damages for his injuries. The plaintiff had denied coverage and refused to defend or indemnify Wypij on the basis of a policy provision that excluded from coverage bodily injury to an "employee of the insured arising out of and in the course of employment by the insured" and brought this action seeking a declaration determining the parties' rights under the insurance contract The court, Richard C. Kaufman, J., found that Cox was an employee of Wypij within the meaning of the policy and granted summary disposition for the plaintiff on the basis that the plaintiff had no duty to defend or indemnify Wypij with respect to any claim that might be brought by Cox for the injuries suffered in the construction accident. Cox appealed.

The Court of Appeals held:

1. Although the economic reality test usually has been used to determine whether a person is an employee for the purpose of determining eligibility for worker's disability compensation benefits and has been used to determine whether a person is an employee for the purpose of various other statutes, the trial court did not err in applying the economic reality test to determine whether Cox was an employee within the meaning of the commercial liability insurance policy that had been issued by the plaintiff where the policy itself did not contain a definition of the term.

2. The economic reality test involves consideration of four factors: control of the worker's duties; payment of wages; the right to hire, fire, and discipline; and performance of the duties toward the accomplishment of a common goal.

3. Although there was evidence that Wypij and Cox viewed Cox as an independent contractor, neither Wypij nor Cox had the authority to bind the plaintiff concerning this point. The trial court

properly concluded that Cox was Wypij's employee on the basis of its findings that Wypij controlled the amount and type of work done by Cox, Wypij paid Cox wages, Wypij hired Cox and had authority to fire him, and Cox performed his duties toward the accomplishment of the common goal of the completion of Wypij's projects and on the basis of its further findings that Cox used tools supplied by Wypij and Cox did not hold himself out to the public as an independent contractor.

4. The provisions of the insurance policy in question do not support Cox's contention that the employee exclusion was intended to apply only where the employee was an injured worker able to make a claim for benefits under the Worker's Disability Compensation Act. Because the policy contained a separate provision that made it clear that the policy coverage did not extend to claims for worker's disability compensation benefits, it must be assumed that the employee exclusion was intended to apply to situations other than those where an employee was able to make a claim for worker's compensation benefits.

Affirmed.

INSURANCE — LIABILITY INSURANCE — EXCLUSIONS — EMPLOYEE — ECONOMIC REALITY TEST.

The economic reality test that is usually used to determine the nature of an employment relationship for the purpose of claims for worker's disability compensation benefits may be used to determine whether an individual is an employee within the meaning of an employee exclusion provision of a commercial liability insurance policy where the policy does not define who is an employee for the purpose of the policy.

*William J. Liedel*, for the plaintiff.

*Bernstein & Bernstein* (by *Michael J. Butler*), for Jack D. Cox.

Before: WAHLS, P.J., and TAYLOR and HOEKSTRA, JJ.

WAHLS, P.J. Defendant Jack D. Cox appeals as of right from an order granting plaintiff's motion for summary disposition and denying his motion for summary disposition in this declaratory judgment action. We affirm.

Plaintiff Meridian Mutual Insurance Company issued a commercial general liability policy to defendant Lawrence Wypij, who was doing business as Vip-E Construction. The policy covered bodily injury, but contained an exclusion for employees:

> 2. Exclusions.
>
> This insurance does not apply to:
>
>    *  *  *
>
> e. "Bodily injury" to:
>
> (1) An employee of the insured arising out of and in the course of employment by the insured; or
>
> (2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.
>
> This exclusion applies:
>
> (1) Whether the insured may be liable as an employer or in any other capacity; and
>
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract."

While this policy was in effect, defendant Wypij hired defendant Cox to work on a roofing project on a residential home. While working on the project, Cox apparently fell from the roof because of an improperly installed roofing jack and sustained serious injuries. Cox sued Wypij, and plaintiff then brought a declaratory judgment action to determine the parties' rights under the insurance contract. In the declaratory judgment action, the trial court found that the employee exclusion clause in the insurance policy applied to Cox's claim and held that plaintiff had no

duty to defend or indemnify Wypij.[1] The only question on appeal is whether the trial court properly applied the employee exclusion clause.

Defendant Cox argues that the employee exclusion provision should not bar coverage in this case. He offers two alternative grounds for this assertion: (1) he was not an "employee" as that term is used in the insurance policy, and (2) an employee exclusion clause should only be applied where the employee can bring a claim under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*;    MSA 17.237(101) *et seq.* We disagree.

The construction of a contract with clear language is a question of law that we review de novo. *Auto Club Ins Ass'n v Lozanis*, 215 Mich App 415, 418-419; 546 NW2d 648 (1996).   Courts view insurance contracts similarly to other contracts, as agreements between the parties, and will determine the terms of the agreement and enforce them accordingly. *Id.* at 419. If terms are not defined in the contract, they will be interpreted in accordance with their common usage. While ambiguities in a policy are generally construed in favor of the insured, the Court will not create ambiguities where none exist. *Cavalier Mfg Co v Employers Ins of Wausau (On Remand)*, 222 Mich App 89, 94; 564 NW2d 68 (1997).

In this case, the trial court noted that the term "employee" is not defined in the insurance contract. The court then apparently relied on the "economic reality test" to determine whether Cox was an employee. Under these circumstances, we believe

---

[1] Wypij never responded to the declaratory judgment suit, and a default was entered against him. Wypij has not appealed.

that the economic reality test properly aided the trial court in determining whether Cox was an "employee" for purposes of the contract. The economic reality test involves four basic factors: (1) control of the worker's duties; (2) payment of wages; (3) the right to hire, fire, and discipline; and (4) performance of the duties toward the accomplishment of a common goal. *Hoste v Shanty Creek Management, Inc*, 221 Mich App 144, 149; 561 NW2d 106 (1997). In applying these factors, the totality of the circumstances surrounding the work must be examined, with no single factor controlling. *Id.* In worker's compensation cases, the economic reality test is used to help distinguish between an employee and an independent contractor. *Id.* at 148.

While the economic reality test has generally been applied to claims brought under the WDCA, this Court has also applied it in other circumstances. See, e.g., *Chilingirian v City of Fraser*, 194 Mich App 65, 69-70; 486 NW2d 347 (1992), remanded to the Court of Appeals 442 Mich 874 (1993), opinion on remand 200 Mich App 198 (1993) (economic reality test used to determine whether the plaintiff was an employee under the Whistleblowers' Protection Act); *Citizens Ins Co of America v Auto Club Ins Ass'n*, 179 Mich App 461, 464-465; 446 NW2d 482 (1989) (economic reality test is the appropriate standard to determine the existence of an employment relationship under the no-fault act); *McCarthy v State Farm Ins Co*, 170 Mich App 451, 454-456; 428 NW2d 692 (1988) (economic reality test was appropriate to determine whether the defendant was an "employer" of the plaintiffs under the Civil Rights Act); *Imbrunone v Inkster Public Schools*, 161 Mich App 132, 135-136;

410 NW2d 300 (1987)    (economic reality test was appropriate to determine which school districts were the petitioner's employers for purposes of the teacher tenure act).

We recognize that, until now, we have not used the economic reality test in cases involving construction of a private contract. However, we conclude that the test properly focuses on the characteristics of an employer-employee relationship, regardless of the context in which it is applied. In addition, as noted above, the test is especially useful in distinguishing between employees and independent contractors. Thus, we conclude that in a case such as this, where the term "employee" is not defined in the contract and where one party alleges that the business relationship was one of being an independent contractor rather than being an employee, a trial court may properly apply the economic reality test.[2]

In this case, there is evidence that both Cox and Wypij viewed Cox as an independent contractor. However, neither Cox nor Wypij had the authority to bind plaintiff on this point. We agree with the trial court that Cox was in fact an employee. In addition to the four-factor economic reality test identified above, this Court has identified eight principles that comprise basically the same test, but illuminate additional factors that may be helpful in determining the existence of an employer-employee relationship. *Hoste,*

---

[2] Although an independent contractor might still be considered an "employee" in some circumstances, see *Chilingirian v City of Fraser (On Remand),* 200 Mich App 198, 200; 504 NW2d 1 (1993), we must strictly construe the employee exclusion in favor of the insured. *Auto-Owners Ins Co v Churchman,* 440 Mich 560, 567; 489 NW2d 431 (1992). Thus, in the absence of any definition in the insurance contract, we will define the term "employee" narrowly to exclude an independent contractor.

*supra* at 149-150. While most of these additional factors are not applicable here, we note two that are helpful: (1) Does the employee furnish his own equipment and materials? and (2) Does the individual seeking employment hold himself out to the public as one ready and able to perform tasks of a given nature?

The deposition testimony in the record below makes it clear that the four factors in the economic reality test and the two additional factors identified above all weighed in favor of a finding that Cox was an employee. The evidence below established that (1) Wypij controlled the type and amount of work performed by Cox, (2) Wypij paid Cox's wages, (3) Wypij hired Cox, and had the authority to fire him, (4) Cox performed his duties toward the accomplishment of a common goal, that is, the completion of Wypij's projects, (5) Cox used Wypij's tools, and (6) Cox did not hold himself out to the public as an independent contractor ready and able to perform work, but, instead, he simply worked on Wypij's projects under Wypij's direction. Under these circumstances, Cox was clearly an employee rather than an independent contractor, and the trial court properly granted summary disposition for plaintiff.

Defendant Cox argues that even if he could be considered an employee, an employee exclusion clause should not be applied where, as here, the injured worker cannot make a claim under the WDCA. We disagree. Cox cites *Michigan Mut Liability Co v Ohio Casualty Ins Co*, 123 Mich App 688; 333 NW2d 327 (1983), overruled in part in *Century Mut Ins Co v League General Ins Co*, 213 Mich App 114, 120-121; 541 NW2d 272 (1995), to support his position. The panel in *Michigan Mutual, supra* at 696-699, held that

an employee exclusion clause similar to the one at issue here did not exclude coverage for an injury to an employee of the named insured. However, *Michigan Mutual* is factually distinguishable from the instant case. First, the injured employee was not seeking to sue his employer, who was the named insured. Instead, the employee sued a third party who was covered under the omnibus provisions of his employer's policy. *Id.* at 695-697. The panel in *Michigan Mutual* found that the "insured" for purposes of the employee exclusion clause was the party claiming coverage, rather than the named insured. The Court relied in part on the presence of a severability of interest clause in the insurance policy. *Id.* at 696-699. Our case is distinguishable regarding this point, because there is no question that Cox sued his employer, rather than a third party.

*Michigan Mutual* is also distinguishable on at least one other ground. The panel there relied on its interpretation of the purpose of the employee exclusion clause: "The obvious purpose of the employee exclusion is to make clear that the automobile liability policy does not provide coverage for claims arising under workers' compensation laws." *Id.* at 696-697. While this may have been the purpose of the employee exclusion clause in *Michigan Mutual,* we must conclude that the employee exclusion clause in this case had a broader purpose. In construing contracts, we must look at the policy as a whole and give meaning to all terms. *Auto-Owners Ins Co v Harrington,* 455 Mich 377, 381; 565 NW2d 839 (1997). Here, the policy contained a separate clause that made it clear that any claims covered under the worker's compensation laws are excluded from coverage.

Thus, in order to give meaning to all terms in the contract, we must assume that the employee exclusion clause had some purpose beyond simply excluding worker's compensation claims. We conclude that the purpose of the employee exclusion clause in this case was, just as it states, to exclude coverage for any claim for bodily injury to an employee of the insured arising out of and in the course of employment by the insured. Thus, *Michigan Mutual* is distinguishable, and the trial court properly granted summary disposition for plaintiff.

Affirmed.