NORRIS v STATE FARM FIRE & CASUALTY COMPANY

Docket No. 195422. Submitted October 8, 1997, at Detroit. Decided April 10, 1998, at 9:15 A.M.

Gail Norris, who suffers from rheumatoid arthritis, brought an action in the Wayne Circuit Court against State Farm Fire and Casualty Company and other State Farm companies, and Martha J. Piney, alleging claims arising out of her discharge from employment with Piney's insurance agency. The court, Kirsten Frank Kelly, J., granted summary disposition in favor of the defendants. The plaintiff appealed with regard to the dismissal of her claims alleging unlawful discrimination in violation of the Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, intentional infliction of emotional distress, and negligent supervision.

The Court of Appeals *held*:

1. The plaintiff established a genuine issue of material fact regarding whether she was unlawfully discriminated against because of her handicap. Because the plaintiff testified regarding an alleged admission by Piney of employment discrimination based on the plaintiff's handicap, the burden-shifting approach of *McDonnell Douglas Corp v Green*, 411 US 792 (1973), was not applicable. The court erred in granting summary disposition on the basis that the plaintiff failed to satisfy her burdens of production under *McDonnell Douglas*. Therefore, the traditional burdens of proof were applicable. However, the plaintiff always bears the burden of proving that she was qualified for the position from which she was discharged. The plaintiff sustained her burden for purposes of the motion for summary disposition. A genuine issue of material fact exists regarding whether the plaintiff was qualified for the position at the time of her discharge.

2. The court did not err in granting summary disposition for State Farm with regard to the claims of unlawful discrimination and negligent supervision.

3. Except in a case involving worker's compensation benefits, the correct standard to address respondeat superior liability is the control test, not the economic-reality test. The plaintiff did not show that State Farm had the right to control the employment decisions

of Piney. Because defendants State Farm were not the employer of Piney, they owed no duty to the plaintiff regarding the claim of negligent supervision of Piney. Summary disposition was properly granted in this regard.

4. The alleged conduct of the defendants was not sufficiently outrageous to give rise to a separate cause of action for intentional infliction of emotional distress. The court properly granted the defendants' motion for summary disposition regarding the claims of intentional infliction of emotional distress.

Affirmed with regard to defendants State Farm, affirmed in part and reversed in part with regard to defendant Piney.

HOEKSTRA, J., dissenting, stated that the court did not err in granting the defendants' summary disposition with regard to the claim alleging violation of the HCRA because the plaintiff did not establish that there was a genuine issue of material fact regarding whether she was qualified for the position from which she was terminated. To be qualified, the plaintiff must have been performing the job at a level that met her employer's legitimate expectations. The defendants presented well-documented evidence that the plaintiff was not working at a level that met Piney's expectations, the evidence that the plaintiff offered regarding her qualifications was irrelevant, the plaintiff did not present relevant evidence to show that she was doing her job well enough to rule out the possibility that she was discharged for inadequate job performance, and the plaintiff failed to prove a prima facie case of handicapper discrimination. The order of the court should be affirmed.

1. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — DIRECT EVIDENCE — BURDEN OF PROOF.

Traditional burdens of proof apply and the burden-shifting approach of *McDonnell Douglas Corp v Green*, 411 US 792 (1973), is not applicable where a plaintiff alleging unlawful employment discrimination based on the plaintiff's handicap presents direct evidence of unlawful discrimination by the employer; nonetheless, the plaintiff always bears the burden of proving that the plaintiff is otherwise qualified for the position in question.

2. MASTER AND SERVANT — RESPONDEAT SUPERIOR — CONTROL TEST.

The correct standard to assess respondeat superior liability in all cases except those concerning worker's compensation benefits is the control test, not the economic-reality test.

*Powell & Gerisch* (by *Jonathan P. Gerisch*), for the plaintiff.

*Pepper, Hamilton & Scheetz* (by *Robert C. Ludolph* and *Judith E. Caliman*), for State Farm Fire and Casualty Company, State Farm Annuity and Life Insurance Company, State Farm General Insurance Company, State Farm Life Insurance Company, and State Farm Mutual Insurance Company.

*Sullivan, Ward, Bone, Tyler & Asher, P.C.* (by *A. Stuart Tompkins* and *Sheri B. Cataldo*), for Martha J. Piney.

Before: CORRIGAN, C.J., and GRIFFIN and HOEKSTRA, JJ.

GRIFFIN, J. Plaintiff appeals as of right an order granting summary disposition in favor of defendants regarding plaintiff's claims arising out of her discharge from employment. We reverse in part and affirm in part with regard to defendant Martha J. Piney and affirm with regard to defendants State Farm Fire and Casualty Company, State Farm Annuity and Life Insurance Company, State Farm General Insurance Company, State Farm Life Insurance Company, and State Farm Mutual Insurance Company.

I

Plaintiff, who suffers from rheumatoid arthritis, began working for defendant Martha J. Piney (Piney) in November 1994 as a probationary employee. Martha J. Piney is the owner and operator of the Piney Insurance Agency, which sells exclusively insurance policies written by defendants State Farm. On February 24, 1995, following a satisfactory three-month job performance review, defendant Piney offered and plaintiff accepted a position of regular employment as a claims specialist. However, less than

three weeks later, on March 10, defendant Piney terminated plaintiff's employment for alleged poor job performance. Defendant Piney claims that the employment deficiencies noted in plaintiff's thirty- and sixty-day reviews had escalated to the extent that plaintiff's overall job performance was unsatisfactory. However, in her deposition, plaintiff alleges that at the conclusion of her March 10 meeting with defendant Piney, Piney admitted to plaintiff that the true reason for her discharge was "[i]t's because you're handicap [sic]."

Following her discharge, plaintiff filed suit against defendant Piney and defendants State Farm, alleging a variety of claims. The lower court granted summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). Plaintiff appeals as of right the dismissal of her claims of alleged unlawful discrimination in violation of the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.*, intentional infliction of emotional distress, and negligent supervision.

II

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual support for a claim. In *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996), the Supreme Court set forth the following standards for deciding such a motion:

> In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or

other documentary evidence show that there is no genuine
issue in respect to any material fact, and the moving party
is entitled to judgment as a matter of law. MCR
2.116(C)(10), (G)(4).

In presenting a motion for summary disposition, the mov-
ing party has the initial burden of supporting its position by
affidavits, depositions, admissions, or other documentary
evidence. *Neubacher v Globe Furniture Rentals*, 205 Mich
App 418, 420; 522 NW2d 335 (1994). The burden then shifts
to the opposing party to establish that a genuine issue of
disputed fact exists. *Id.* Where the burden of proof at trial
on a dispositive issue rests on a nonmoving party, the non-
moving party may not rely on mere allegations or denials in
pleadings, but must go beyond the pleadings to set forth
specific facts showing that a genuine issue of material fact
exists. *McCart v J Walter Thompson*, 437 Mich 109, 115; 469
NW2d 284 (1991). If the opposing party fails to present doc-
umentary evidence establishing the existence of a material
factual dispute, the motion is properly granted. *McCormic v
Auto Club Ins Ass'n*, 202 Mich App 233, 237; 507 NW2d 741
(1993).

In the present case, plaintiff has established a genu-
ine issue of material fact regarding whether she was
unlawfully discriminated against because of her hand-
icap. Plaintiff testified regarding an alleged admission
by defendant Piney of employment discrimination
based on her handicap. Because direct evidence of
unlawful discrimination was presented, the burden-
shifting approach of *McDonnell Douglas Corp v
Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668
(1973), is not applicable. *Harrison v Olde Financial
Corp*, 225 Mich App 601; 572 NW2d 679 (1997).
Accordingly, the lower court erred in granting sum-
mary disposition on the basis that plaintiff failed to
satisfy her burdens of production under *McDonnell
Douglas.* As the Sixth Circuit Court of Appeals stated

in *Monette v Electronic Data Systems Corp*, 90 F3d
1173, 1184 (CA 6, 1996):

> [W]hen the plaintiff has direct evidence of discrimination
> based on his or her disability, there is no need for a *McDon-
> nell Douglas* type burden shift and traditional burdens of
> proof will apply. . . . Nonetheless, the disabled individual
> always bears the burden of proving that he or she is "other-
> wise qualified" for the position in question, absent the chal-
> lenged job function or with the proposed accommodation.

Because plaintiff presented direct evidence of
unlawful discrimination, the pivotal issue is whether
plaintiff submitted sufficient evidence to establish a
genuine issue of material fact that she was qualified
for the position from which she was discharged. Con-
trary to the position taken by the dissent, we con-
clude that plaintiff has sustained her burden for pur-
poses of summary disposition. We are mindful that it
is not the role of the court to evaluate the strength of
the evidence in ruling regarding a motion for sum-
mary disposition. Rather, when deciding a motion for
summary disposition that alleges no genuine issue of
material fact,

> [a] trial court tests the factual support of a plaintiff's claim
> when it rules upon a motion for summary disposition filed
> under MCR 2.116(C)(10). *Lichon v American Universal Ins
> Co*, 435 Mich 408, 414; 459 NW2d 288 (1990). The court
> must consider the affidavits, pleadings, depositions, admis-
> sions, and documentary evidence submitted or filed in the
> action. The court is not permitted to assess credibility, or to
> determine facts on a motion for summary judgment. *Zamler
> v Smith*, 375 Mich 675, 678-679; 135 NW2d 349 (1965).
> Instead, the court's task is to review the record evidence,
> and all reasonable inferences therefrom, and decide

whether a genuine issue of any material fact exists to warrant a trial.[7]

---

[7] As we noted in *Durant* [*v Stahlin*, 375 Mich 628, 646-647; 135 NW2d 392 (1965)], "there is a great difference between an inquiry to determine whether or not there is an issue of fact and a trial to decide a disputed issue of fact."

---

[*Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). ]

Viewing the evidence in a light most favorable to the nonmoving party, we conclude that plaintiff presented sufficient evidence for a reasonable person to conclude that she was qualified for the job from which she was discharged. In particular, in a ninety-day performance review held less than three weeks before plaintiff's discharge, defendant Piney evaluated plaintiff's job performance as satisfactory. In light of plaintiff's satisfactory job performance, defendant Piney thereafter offered plaintiff a regular full-time position. Piney's February 24, 1995, offer of permanent employment to plaintiff states as follows:

Gail Norris

Start Date: 11/7/94

2/24/94 [sic] Three month review. I have worked with Gail for three months and two weeks now. In three months she has proven to be a quick learner, very task oriented, and very dependable. At this time I am making an offer from temporary employment to holding the position of claims specialist for my agency with the hopes that Gail will continue to develop and grow as an expert in her position and continue to strive and reach the goals that are set for this agency.

Continued salary with benefit package as attached and presented at time of original start date.

2/24/95 /s/ Gail Norris 2/24/95 /s/ Martha J. Piney, agent

In addition to defendant Piney's admissions regarding plaintiff's job qualifications, plaintiff also presented the deposition testimony of coemployees who noted no change in plaintiff's job performance in the period from February 24, 1995, until her discharge. Finally, although Piney claims that plaintiff was discharged because of poor customer-service skills, plaintiff submitted evidence that there were no complaints from customers regarding her job performance.

After recognizing that fact finding and assessment of credibility are inappropriate when ruling regarding a motion for summary disposition, *Dzierbowicz v American Seating Co*, 450 Mich 969; 544 NW2d 473 (1996); *Crittenden v Chrysler Corp*, 178 Mich App 324; 443 NW2d 412 (1989), we conclude that a genuine issue of material fact exists regarding whether plaintiff was qualified for the position at the time of her discharge.

III

Next, plaintiff claims that the lower court committed error requiring reversal in granting summary disposition in favor of defendants State Farm with regard to plaintiff's claims of unlawful discrimination and negligent supervision. We disagree. Regarding these issues, both sides claim that the appropriate test for respondeat superior liability is the economic-reality test as set forth in *McCarthy v State Farm Ins Co*, 170 Mich App 451; 428 NW2d 692 (1988). Although *McCarthy* appears to be applicable, we hold that *McCarthy* was wrongly decided and therefore

should not be followed.[1] *McCarthy* relied on worker's compensation cases in holding that respondeat superior liability should be decided on the basis of "the economic reality test." However, after *McCarthy*, it is now well established that except for worker's compensation benefits, the correct standard to assess respondeat superior liability is the control test, not the economic-reality test. *Hoffman v JDM Associates, Inc*, 213 Mich App 466, 468-469; 540 NW2d 689 (1995); *Kral v Patrico's Transit Mixing Co*, 181 Mich App 226, 230-232; 448 NW2d 790 (1989). Cf. *Meridian Mut Ins Co v Wypij*, 226 Mich App 276; 573 NW2d 320 (1997).[2]

Here, plaintiff presented evidence of the economic dependency of defendant Piney on defendants State Farm. However, plaintiff presented no evidence that defendants State Farm had any right to control the employment decisions of Piney. Absent any right of control, there is no liability of defendants State Farm for the action of defendant Piney under the doctrine of respondeat superior. *Hoffman, supra; Kral, supra.*

Similarly, because defendants State Farm were not the employer of defendant Piney, defendants State Farm owed no duty to plaintiff regarding the claim of alleged negligent supervision of defendant Piney. See, generally, *Janice v Hondzinski*, 176 Mich App 49; 439

---

[1] *McCarthy* predates MCR 7.215(H) and its predecessors, Administrative Orders 1990-6, 1994-4, and 1996-4. Accordingly, *McCarthy* is not precedentially binding on this Court.

[2] *Meridian* addresses an employee exclusion in an insurance policy that does not define the term "employee." The *Meridian* panel's holding regarding the undefined insurance policy term is not applicable to the present case. To the extent that dicta in *Meridian* conflicts with our decision, we chose not to follow it and note that the *Meridian* panel was obligated to follow our prior decision, *Hoffman v JDM Associates, Inc, supra.*

NW2d 276 (1989). For these reasons, the lower court was correct in granting summary disposition in favor of defendants State Farm. Although the lower court's decision was based on a different rationale, we will not reverse when the lower court reaches the correct result albeit for the wrong reason. *Porter v Royal Oak*, 214 Mich App 478, 488; 542 NW2d 905 (1995); *State Mut Ins Co v Russell*, 185 Mich App 521, 228; 462 NW2d 785 (1990).

IV

Finally, we conclude that the lower court correctly granted defendants' motion for summary disposition regarding plaintiff's claims of intentional infliction of emotional distress. Assuming the facts as alleged by plaintiff to be true, defendants' conduct was not sufficiently outrageous to give rise to a separate cause of action for intentional infliction of emotional distress. *Doe v Mills*, 212 Mich App 73, 91; 536 NW2d 824 (1995).

For these reasons, we reverse in part and affirm in part with regard to defendant Piney and affirm with regard to defendants State Farm. Defendants State Farm may recover taxable costs. No costs in favor of plaintiff or defendant Piney, neither party having prevailed in full.

CORRIGAN, C.J., concurred.

HOEKSTRA, J. (*dissenting*). I respectfully dissent. I disagree with the majority's conclusion in section II, which is that the lower court erred in granting defendants summary disposition of plaintiff's claim brought under the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA

3.550(101) *et seq.* I would affirm the order of the lower court granting defendants' motions for summary disposition pursuant to MCR 2.116(C)(10) because plaintiff has not established a genuine issue of material fact about whether she was qualified for the position from which she was terminated.

The majority correctly states that the lower court's analysis was improper in this case because plaintiff presented direct evidence of discriminatory intent, namely, defendant Martha J. Piney's alleged statement that she terminated plaintiff's employment because of plaintiff's handicap. When a plaintiff is able to produce direct evidence of discriminatory intent, there is no need to utilize the burden of proof analysis established in *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973). *Matras v Amoco Oil Co*, 424 Mich 675, 683-684; 385 NW2d 586 (1986); *Harrison v Olde Financial Corp*, 225 Mich App 601, 609; 572 NW2d 679 (1997). In *Harrison*, a race discrimination case, this Court explained how a court should instead analyze whether summary disposition pursuant to MCR 2.116(C)(10) is appropriate in cases in which a plaintiff presents direct evidence of discriminatory animus.[1] There, this Court held the following:

---

[1] Michigan courts have not yet addressed the principles of proof for a direct-evidence case involving handicapper discrimination; however, *Harrison* is sufficiently similar to this case to justify adopting the principles of proof espoused there. Both cases involve a plaintiff's direct evidence of discrimination, are single-plaintiff cases, and involve a defendant's mixed motives. See *Harrison, supra* at 610. This case is a mixed-motive case because defendants' adverse employment decision could have been based on several factors, including a legitimate factor such as plaintiff's work performance as well as a legally impermissible factor such as plaintiff's handicap.

[W]e hold that the following principles of proof apply in a typical single-plaintiff, mixed-motive employment discrimination case. First, as with circumstantial discrimination cases, in a case involving direct evidence of discrimination, the plaintiff always bears the burden of persuading the trier of fact that the employer acted with illegal discriminatory animus. Second, whatever the nature of the challenged employment action, the plaintiff must establish evidence of the plaintiff's qualification (or other eligibility) and direct proof that the discriminatory animus was causally related to the decisionmaker's action. Upon such a presentation of proofs, an employer may not avoid trial by merely "articulating" a nondiscriminatory reason for its action. Under such circumstances, the case ordinarily must be submitted to the factfinder for a determination whether the plaintiff's claims are true. [*Harrison, supra* at 612-613.]

Thus, according to this Court in *Harrison*, the plaintiff must present proof not only of the employer's discriminatory animus, but also proof of the plaintiff's own qualifications.[2]

Our Supreme Court determined the boundaries of the next inquiry, what it means to be a qualified employee, in *Town v Michigan Bell Telephone Co*, 455 Mich 688; 568 NW2d 64 (1997) (analyzing age and sex discrimination claims under the *McDonnell Douglas* analysis).[3] The Court stated that "[a]n employee is

---

[2] The majority also cites *Monette v Electronic Data Systems Corp*, 90 F3d 1173 (CA 6, 1996), a case that included claims under the federal Americans with Disabilities Act (ADA), 42 USC 12101 *et seq.*,as well as Michigan's HCRA. It is appropriate to consider the Sixth Circuit Court of Appeals' analysis because the HCRA and the ADA share similar purposes and contain similar definitions. *Stevens v Inland Waters, Inc*, 220 Mich App 212, 216-217; 559 NW2d 61 (1996).

[3] I recognize that the definition in *Town, supra* at 699, is derived from a plurality decision of our Supreme Court, which is technically not binding on this Court because a majority of the justices failed to concur on the exact reasoning for the holding. *Negri v Slotkin*, 397 Mich 105, 109; 244 NW2d 98 (1976). However, I believe that a careful reading of Justice

qualified if he was performing his job at a level that met the employer's legitimate expectations." *Id.* at 699, citing *Bouwman v Chrysler Corp*, 114 Mich App 670, 679; 319 NW2d 621 (1982); *Menard v First Security Services Corp*, 848 F2d 281, 285 (CA 1, 1988); *McDonald v Union Camp Corp*, 898 F2d 1155, 1160 (CA 6, 1990). Accordingly, I would hold that the recent pronouncements of this Court in *Harrison* and our Supreme Court in *Town* together provide the proper analysis for deciding when summary disposition pursuant to MCR 2.116(C)(10) is appropriately granted in a case involving direct evidence of handicapper discrimination.

To support their burden as the moving party, defendants presented in the form of the monthly performance reviews signed by plaintiff and defendant Piney well-documented evidence that plaintiff was not working at a level that met defendant Piney's expectations. Plaintiff's first-month review reveals that Piney rated plaintiff's work performance as satisfactory with the exception of plaintiff's telephone and customer service skills, which Piney indicated needed

---

RILEY's concurring opinion in *Town, supra* at 707-714, reveals that she did not disagree with the lead opinion's proposition that the question about an employee's qualifications is answered by considering whether the *employer's* expectations were satisfied. For example, Justice RILEY would require that employers be given wide discretion in setting job standards and in deciding whether employees meet those standards. *Id.* at 709. Because Justice RILEY's perspective is similar, if not the same, to that of the lead opinion in this respect, it would be wasteful of judicial resources to disregard *Town*. See *People v Scarborough*, 189 Mich App 341, 344; 471 NW2d 567 (1991). In any event, I am additionally persuaded by the language of the decisions upon which the definition relies, *Town, supra* at 699, n 22, and therefore would adopt the definition in *Town* as the proper approach to determining whether an employee is qualified. See also *Ang v Procter & Gamble Co*, 932 F2d 540, 548 (CA 6, 1991) (holding that the test of whether an employee is qualified is whether the employee is meeting the "employer's legitimate expectations").

improvement. Plaintiff's second-month review indicates that plaintiff continued to have difficulty with her telephone and customer service skills. Indeed, this review specifically stated that Piney would terminate plaintiff's employment if plaintiff did not make improvements in those areas. Plaintiff's third-month review indicates an improvement in her work performance, which apparently caused Piney to have "hopes that [plaintiff] will continue to develop" and end plaintiff's probationary period. However, as both parties concede, Piney met with plaintiff seven days later to discuss her concern that plaintiff's work performance had since declined and instead displayed the same problems evident at the first and second performance reviews. Piney told plaintiff that she would review plaintiff's progress in one week and that, if improvements were not made, then she would terminate plaintiff's employment. Shortly thereafter, Piney terminated plaintiff's employment.

In response to defendants' evidence of her poor work performance at the Piney Insurance Agency, plaintiff presented three pieces of evidence: first, the absence of any complaints from policyholders; second, the excerpts of deposition testimony from plaintiff's two peers that they did not notice a change in plaintiff's work performance; and third, plaintiff's "promotion" to a permanent position two weeks before her termination. I would hold that plaintiff has failed to create a genuine issue of material fact about her qualifications, not because the evidence she has proffered in this regard is weak, but because it is irrelevant. " 'If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to

summary judgment as a matter of law.' " *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996), quoting *Celotex v Catrett*, 477 US 317, 331; 106 S Ct 2548; 91 L Ed 2d 265 (1986) (Brennan, J., dissenting).

Initially, I would disregard the absence of any complaints by policyholders. Defendant Piney's complaint about plaintiff's work performance concerned plaintiff's telephone and customer service skills, which would not necessarily result in complaints by the policyholders, only dissatisfaction by the employer. Therefore, this piece of evidence is unavailing. With regard to plaintiff's second piece of evidence, I note that in light of our Supreme Court's definition of a qualified employee, plaintiff's peers' assessments of her work performance, or even plaintiff's own assessment, are irrelevant because it is the "employer's legitimate expectations" that dictate the standard to which plaintiff should perform. *Town, supra* at 699. Last, the short-lived duration of plaintiff's term of employment at the Piney Insurance Agency and the sole positive evaluation of her work performance, the third monthly review that ended her probationary period, is evidence that favors defendants' claim that plaintiff was not performing her job at a level that met her employer's legitimate expectations. Plaintiff cannot raise a material issue of fact regarding the question of the quality of her work performance merely by challenging the judgment of her supervisor. See, e.g., *McDonald, supra* at 1160 (stating that the court's aim should not be to review bad business decisions or question the soundness of an employer's judgment).

While this Court must resolve all doubts in favor of the party opposing summary disposition, I would conclude that plaintiff did not present sufficient evidence to demonstrate the existence of a material factual dispute that she was qualified for the position from which she was discharged, as "qualified" is defined in *Town, supra* at 699. Simply put, plaintiff did not present relevant evidence to show that she was doing her job well enough to rule out the possibility that she was discharged for inadequate job performance. Consequently, I believe that plaintiff has failed to prove a prima facie case of handicapper discrimination and would affirm the lower court's decision to grant defendants summary disposition. I note that although the lower court applied the *McDonnell Douglas* analysis, it arrived at the same conclusion I reach. My reasoning is consistent with the lower court's decision that plaintiff failed to demonstrate that her poor work performance was a mere pretext for defendants' discrimination, the third step in the *McDonnell Douglas* analysis.

My analysis of this issue makes it unnecessary to reach plaintiff's argument that the lower court erred in granting defendants State Farm Fire and Casualty Company, State Farm Annuity and Life Insurance Company, State Farm General Insurance Company, State Farm Life Insurance Company, and State Farm Mutual Insurance Company summary disposition of plaintiff's claims, which is discussed in section III of the majority opinion; therefore, I express no opinion with regard to this issue. I am in agreement with the majority's resolution of plaintiff's claim of intentional infliction of emotional distress, which is discussed in section IV.