*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAROLE DECLARK,

        Plaintiff-Appellee,

v

PROFESSIONAL SUITES, FBG, LLC,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2020

No. 348308
Oakland Circuit Court
LC No. 2018-166081-NI

Before: MURRAY, C.J., and RONAYNE KRAUSE and TUKEL, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the order denying, in relevant part, its motion for summary disposition pursuant to MCR 2.116(C)(10) (no genuine issue of material fact) brought against plaintiff in this premises liability action.[2] We reverse and remand. This appeal is being decided without oral argument pursuant to MCR 7.214(E)(1).

## I. BACKGROUND

This case arises from a laceration plaintiff sustained when she fell down two steps of a staircase leading to the front entrance of defendant's office building. Plaintiff and her husband, Raymond DeClark, had an appointment with Gregg Dolinski, defendant's sole member. It was a sunny day and the stairs were visible. Plaintiff and Raymond walked up the staircase without noticing any hazardous condition. Their appointment with Dolinski lasted an hour. Plaintiff was wearing slip-on casual dress shoes with rubber soles and wide heels about 2 inches high. Upon leaving, plaintiff held onto the railing with her right hand and successfully descended from the porch to the third step from the ground. She stepped with her right foot onto the second step.

---

[1] This Court granted defendant's application for leave to appeal and its motion for immediate consideration, but denied its motion for peremptory reversal. *DeClark v Professional Suites FBG, LLC*, unpublished order of the Court of Appeals, entered June 13, 2019 (Docket No. 348308).

[2] Plaintiff originally also brought a negligence claim, but the parties stipulated to the dismissal of that claim, and because it is not at issue in this appeal, we will not discuss it further.

When she attempted to follow with her left foot, her right heel got "caught or wedged," and her left leg folded behind her. Plaintiff "slid down" the remaining steps, sustaining a severe laceration on her shin that required 26 stitches and extensive other medical treatment, and left significant residual scarring.

Dolinski took photographs of the stairs within a day of the incident, although it is not clear from the records which photographs he took. Dolinski also testified that he had become aware that "[t]he bottom step [of the stairs] had some minor play in it," but he was unaware of any gaps between the boards at the time and "didn't view it as hazardous." Plaintiff also took photographs of the stairs 46 days after the incident. At her deposition, plaintiff identified where on the steps the heel of her shoe became caught. Some of the photographs taken by plaintiff portray the steps from the side, revealing that the front board of that step was tilted downward, which plaintiff "assumed" was what caused her heel to get stuck. The photographs taken by Dolinski, insofar as we can discern from the record, are too close-up to easily determine which step was which, but they suggest that the boards were somewhat uneven and might have a gap between boards in approximately the same location. Plaintiff testified that nothing tilted or felt loose while she was stepping down before her fall. Plaintiff was not able to identify a raised edge or anything else in the photographs clearly showing a specific defect that she was certain caused her fall, but did note the tilted board and gap. A home inspector examined the steps and concluded that the steps had been constructed improperly and without a permit, were not up to code, and had "gaps and separation" that "could cause injury." The inspector did not, however, identify any more-specific defects.

Defendant moved for summary disposition, in relevant part, pursuant to MCR 2.116(C)(10). Defendant argued that the open and obvious doctrine precluded premises liability because plaintiff had not established that the stairs were anything other than ordinary deck stairs and that the minor flaws that existed were visible. The trial court rejected defendant's argument, reasoning that plaintiff had provided "perhaps weak or meager" circumstantial evidence that her fall was caused by the condition depicted in the photograph showing the sloped front board. Defendant now appeals.

## II. STANDARD OF REVIEW AND GENERAL LEGAL PRINCIPLES

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood*

*Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks and citations omitted).][3]

When evaluating a motion for summary disposition, courts may not weigh the evidence or consider its strengths or weaknesses; rather, the courts must only determine whether the evidence and any reasonable inferences show the existence of a factual question for the trier of fact. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 480; 776 NW2d 398 (2009); *Norris v State Farm Fire & Cas Co*, 229 Mich App 231, 236-237; 581 NW2d 746 (1998).

It is beyond serious dispute that plaintiff was an invitee on defendant's property. See *Stitt v Holland Abundant Life Fellowship* (*Stitt I*), 462 Mich 591, 597; 614 NW2d 88 (2000) ("[I]nvitee status is commonly afforded to persons entering upon the property of another for business purposes."). "[A] landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012). However, landowners are not obligated to absolutely guarantee invitees' safety, so landowners are not required to undertake "extraordinary measures . . . unless the risk is unreasonable" or to protect invitees from "open and obvious dangers" in the absence of "special aspects." *Buhalis v Trinity Continuing Care Svcs*, 296 Mich App 685, 693-694; 722 NW2d 254 (2012). In particular, landowners are not required to make steps "foolproof;" however,

> where there is something unusual about the steps, because of their character, location, or surrounding conditions, then the duty of the possessor of land to exercise reasonable care remains. If the proofs create a question of fact that the risk of harm was unreasonable, the existence of duty as well as breach become questions for the jury to decide. If the jury determines that the risk of harm was unreasonable, then the scope of the defendant's duty to exercise reasonable care extended to this particular risk. [*Bertrand v Alan Ford, Inc*, 449 Mich 606, 616-617; 537 NW2d 185 (1995) (quotation marks and citations omitted)].

## III. OPEN AND OBVIOUS

A condition is "open and obvious" if "it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461. The standard is objective and not dependent upon whether a particular plaintiff was, or was not, actually aware of the condition. *Id*. Importantly, the question is not whether a particular situation is generally known to pose some kind of danger, but whether the *specific and particular* alleged defect—meaning some flaw or hazard not ordinarily present in that context—was open and obvious. See *Eason v Coggins Memorial Christian Methodist Episcopal Church*, 210 Mich App

---

[3] Plaintiff relies on the argument that summary disposition should be denied unless "plaintiff's claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery," but that is no longer the standard for evaluating summary disposition under MCR 2.116(C)(10). See *Maiden v Rozwood*, 461 Mich 109, 120-121; 597 NW2d 817 (1999).

261, 265; 532 NW2d 882 (1995); *Knight v Gulf & Western Properties, Inc*, 196 Mich App 119, 127-128; 492 NW2d 761 (1992).

Defendant points out that "the danger of tripping and falling on a step is generally open and obvious," so landowners generally owe no duty to warn of or improve perfectly ordinary stairs. *Bertrand*, 449 Mich at 614, 616-617. However, defendant's argument misses the point that a particular defect in a step that renders the stairs "unusual" and poses a danger beyond what one might ordinarily expect to find while using the stairs may not be open and obvious. *Id*. In other words, the fact that the stairs were themselves open and obvious is irrelevant to the real issue: whether a defect or danger present in the stairs is open and obvious. We presume, although we need not decide, that a defect was actually present. It is readily apparent from plaintiff's deposition and from the photographs that no defect can easily be perceived on casual inspection. Even presuming that an average person of ordinary intelligence would readily observe that the stairs had not been expertly constructed, that does not necessarily establish that such a person should casually observe any specific defect. We therefore reject defendant's argument that whatever caused plaintiff to fall was open and obvious.[4]

## IV. NOTICE

"A premises owner breaches its duty of care when it 'knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect.' " *Lowrey*, 500 Mich at 8, quoting *Hoffner*, 492 Mich at 460. A premises owner is required to exercise "reasonable care" in inspecting the premises.[5] *Stitt I*, 462 Mich at 597. "However, this Court has never required a defendant to present evidence of a routine or reasonable inspection . . . to prove a premises owner's lack of constructive notice of a dangerous condition on its property." *Lowrey*, 500 Mich at 10. "[A] plaintiff [must] demonstrate that [the] defendant knew about the alleged [condition] or should have known of it because of its character or the duration of its presence." *Id*. at 11.

We find no evidence in the record tending to show that defendant actually knew of any defect on the second step, where plaintiff's heel became caught. Rather, defendant was aware that the bottom step "had some minor play in it," as was one of defendant's tenants, who was a licensed builder. No witness was able to provide any testimony to the effect that they were previously aware of any other issues with the steps. Nevertheless, plaintiff does not seriously argue that defendant was actually aware of the alleged defect, but rather that defendant should have been

---

[4] We therefore need not address whether there were any "special aspects" to the stairs that would impose a duty upon defendant irrespective of the condition's openness and obviousness. We also decline to address defendant's argument that plaintiff failed to identify the specific defect in the steps that caused her heel to become caught, because, as we discuss, doing so is unnecessary.

[5] We distinguish this duty of "reasonable care" from the "casual" inspection required of invitees to discover "open and obvious" dangers. *Hoffner*, 492 Mich at 461. Thus, the fact that a condition is not "open and obvious" does not preclude imputing constructive notice to the premises owner.

aware of the alleged defect.[6] We do not find the evidence sufficient to impute constructive notice upon defendant.

Plaintiff argues that the tilted or "raised edge" of the nosepiece caused her fall, and she argues that defendant was on constructive notice largely because Dolinski was already aware that the "bottom step had some minor play in it." However, plaintiff caught her heel on the *second* step, not the bottom step. Plaintiff identified a gap on the second step, but contended that she did not get her heel caught in that gap. The licensed builder who repaired the steps, approximately nine months after plaintiff's fall, observed deterioration to the brickwork under the steps. However, the builder testified that the brick deterioration did not contribute to any tilting of the stair nosepieces. Although the builder believed the steps were becoming "spongy," plaintiff denied that the step upon which she tripped tilted or moved in any way. Plaintiff's inspector opined that there were "gaps and separation" in the steps that "could cause injury," but the report implies that the "gaps and separation" meant the stairs separating from the underlying brickwork. In any event, the inspection was performed too long after the accident to have much probative value. Neither plaintiff nor Raymond could identify a raised edge on the contemporary photographs of the steps. Finally, we have inspected the photographs and have not been able to identify anything suggestive of a defect or hazard. Presuming there was, indeed, a defect in the steps, the evidence in the record nevertheless does not establish that it had existed for long enough or was of such a character that defendant should, by exercising reasonable care, have discovered it. See *Lowery*, 500 Mich at 11-12.

## V. CONCLUSION

The order denying summary disposition is reversed, and the matter is remanded for an order granting summary disposition in defendant's favor. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Amy Ronayne Krause
/s/ Jonathan Tukel

---

[6] The fact that no other users of the steps fell or noticed a problem with the steps supports only the conclusion that defendant had no *actual* notice of any defect in the steps. See *Stitt v Holland Abundant Life Fellowship (On Remand)* (*Stitt II*), 243 Mich App 461, 470-471; 623 NW2d 427 (2000). Otherwise, "absence of evidence is not evidence of absence." *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 725 F 3d 244, 254 (CA DC, 2013). Thus, "negative evidence," such as a lack of previously reported accidents, has long been considered unreliable or inadmissible. See *Grubaugh v City of St. Johns*, 82 Mich App 282, 288-289; 266 NW2d 791 (1978); *Larned v Vanderline*, 165 Mich 464, 468; 131 NW 165 (1911); *Serintino v Borman Food Stores*, 380 Mich 637, 642-643; 158 NW2d 485 (1968). The absence of other accidents is therefore typically not relevant to whether defendant had *constructive* notice of a defect.